■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MILACCIO, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Leahy, J.), dated December 15, 1981, which, upon defendant's motion, dismissed, with leave to resubmit, an indictment charging the defendant with assault in the first degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree (two counts). Order reversed, on the law, motion to dismiss denied and indictment reinstated. Criminal Term dismissed the indictment, after an *in camera* inspection of the Grand Jury minutes, on the ground that the prosecutor failed

to properly instruct the jury on the applicable law. However, Criminal Term failed to specify in what way the instructions were defective. We have examined the minutes and find that the Assistant District Attorney read the elements of the crimes involved from the Penal Law, that he explained the terms found therein, and that the Grand Jury had sufficient information to enable it to determine intelligently whether the crimes had been committed and whether sufficient evidence existed to establish their material elements. Accordingly, the proper standard for instructions was met (see *People v Calbud, Inc.,* 49 NY2d 389, 394-395). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.